M. J. Sweeney et al. v. G. P. Webb et al.

No. 3987. Decided January 14, 1904.

Injunction—Local Option Law—Constitutional Law—Ruling Limited.

Refusing a writ of error herein, the court decline to pass, because not necessary to their decision, upon the question whether, if the adoption of local prohibition in the county had impaired plaintiffs' constitutional rights, they could maintain injunction to prevent the county officers from putting the law into effect. (P. 252.)

Application for writ of error to the Court of Civil Appeals for the Fifth District, in an appeal from Grayson County.

C. L. Galloway, Don A. Bliss, and Moseley & Eppstein, for applicants.—1. The Court of Civil Appeals erred in construing the local option act as though, in case it should be in conflict with the Constitution, it were voidable merely and not void.

2. The Court of Civil Appeals erred in construing article 3384 to confer on the qualified voters of cities and towns the right to determine whether or not the sale of intoxicating liquors should be prohibited therein.

3. The Court of Civil Appeals erred in holding that other articles of the local option statute assist article 3384 in conferring upon the qualified voters of cities and towns the right to determine whether or not the sale of intoxicating liquors should be prohibited therein.

4. The Court of Civil Appeals erred in declining to pass on the proposition raised by plaintiff to the effect that article 3393 does not accord to cities and towns the right to demand and hold second or subsequent elections after a first election may have resulted in favor of prohibition.

5. The Court of Civil Appeals erred in holding that the Constitution does not direct the Legislature to confer on the qualified voters of cities and towns the right to hold subsequent elections after the county may have adopted prohibition, until after the county as such may have voted it off.

6. The Court of Civil Appeals erred in holding that the Legislature

had the right to enact a law restricting the discretion and power which · the Constitution demanded should be conferred upon the commissioners courts, viz., the right to subdivide the county into other election districts than those mentioned in the Constitution.

7. The Court of Civil Appeals erred in holding that the Legislature had the right to confer upon commissioners courts a portion only of the power and authority directed in the Constitution to be conferred upon them and to withhold a portion, because: (1) The effect thereof is to distort the authority intended in the Constitution be so conferred. (2) The mandate of the Constitution is entire and inseparable and must be obeyed as a whole. (3) All parts of the constitutional mandate are concurrent and interdependent, and the exercise of each one was contemplated in order to secure a healthy operation and adjustment of the whole and an effort on the part of the Legislature to put such part of that mandate into operation as to them may seem sufficient, and to withhold the remainder, has the effect of emasculating and distorting the mandate of the Constitution and of producing results not contemplated therein. (4) The withholding a part directed to be performed by the Constitution brings the Legislature and the whole act in conflict with the Constitution and makes it void.

8. The Court of Civil Appeals erred in holding that plaintiff would not be heard to complain of the law because of the withholding from the people of cities and towns the rights guaranteed them in the Constitution, or because of the withholding from the commissioners courts the rights directed to be conferred upon them in the Constitution (and through them upon the people affected thereby), or because of the usurpation by the Legislature of rights and powers not granted to them by the Constitution, although all of said acts may be unconstitutional and void, since this was a county election provided for in the Constitution and in the law, therefore it would stand although all other portions of the mandate should be disregarded and disobeyed, because: (a) The authority given by article 16, section 20, of the Constitution is not divisible but entire, and must be obeyed as a whole, and the act of the Legislature being contrary to the express command in this, that it fails to extend to commissioners courts and to the qualified voters of cities and towns the rights provided for in the Constitution, is in conflict with the entire purpose of the Constitution and must fall. (b) The Legislature, being without authority other than that expressed in the Constitution to create local option law, can only create such law as is reasonably within the power conferred by the Constitution strictly construed; and having exceeded the authority so conferred in extending local option rights to commissioner's districts, to school districts and various combinations of subdivisions of counties, none of which are authorized by the Constitution, and having so interwoven the same with other portions of the law as to be practically inseparable therefrom, the whole law is necessarily repugnant to the Constitution and must fall. (c) Because the rule of construction in this State, under authority of

section 29 of article 1 of the Constitution is that acts which are in conflict with the Constitution are void as contradistinguishable from voidable.

9. The Court of Civil Appeals erred in holding that the allowance of the sale of intoxicating liquors in local option districts for use by Christians in their sacraments, and the refusal to allow its sale in such districts for use by Jews in their mode of worship, was not a discrimination against the Jewish mode of worship and prohibited by section 6 of article 1 of the Constitution.

10. The Court of Civil Appeals erred in holding that the local option act was not obnoxious to the fourteenth amendment of the Constitution of the United States, wherein it forbids the prescribing of intoxicating liquors by any one who does not follow the practice of medicine as his principal and usual calling, and in holding, that in order to cure the defect the restrictive clause may be stricken out, because the effect of such striking out would be to extend the right to give prescriptions to those not intended by the Legislature, and the judgment of the court would thereby amount to a legislative act and would trench upon the province of the Legislature.

11. The Court of Civil Appeals erred in holding that the whole act did not constitute class legislation in that it discriminates in favor of a class of citizens who are in favor of prohibition and against a class who are against prohibition, and as such is in conflict with both the State and Federal Constitutions.

12. The Court of Civil Appeals erred in holding the order for the election to be in conformity with law.

13. The Court of Civil Appeals erred in holding that an election held under the order shown to have been made in this case would, if it resulted in favor of prohibition, put the local option law in effect within such territory.

14. The Court of Civil Appeals erred in entering judgment affirming the decision of the trial court.

15. The Court of Civil Appeals erred in overruling plaintiff's motion for a rehearing.

GAINES, Chief Justice.—We think the application for the writ of error in this case should be refused. But in order to prevent misconception we deem it proper to say, that we have not found it necessary to pass upon the question whether, if the statute in controversy had been unconstitutional, the plaintiffs were entitled to the remedy of injunction. The determination of that question not being requisite to a decision of the case we give no opinion upon it.

*Writ of error refused.*